SHRED PAX CORPORATION, Plaintiff-Appellant, v. THE DEPARTMENT OF REVENUE, Robert Sweet, Director, Defendant-Appellee.

First District (1st Division)   No. 1—89—0925

Opinion filed June 11, 1990.—Modified on denial of rehearing September 10, 1990.

Leonard Cuttone, of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The Illinois Department of Revenue (the Department) commenced this action against Shred Pax Corporation (Shred Pax) for sales taxes under the Retailers' Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1987, ch. 120, par. 440 *et seq.*) since Shred Pax had not collected and remit-

ted tax on shredding machines it had manufactured and sold.

Pursuant to ROTA, the Department issued Shred Pax a notice of tax liability totalling $66,147.97, including interest and penalties for the period of the audit, which covered the period from July 1981 through March 1984. At hearings held in March and May 1986, the Department's auditor testified that the tax assessment was based on the determination that the shredding devices did not qualify as pollution control equipment, and thus, were not tax exempt. The audit consisted of an examination of Shred Pax's financial records, a tour of the facility, and discussions with Al Kaczmarek, Shred Pax's president.

Kaczmarek testified that the shredding machines were used to reduce items, such as tires, boxes, gallon drums, and aerosol cans, and that he invented the shredding equipment to eliminate or reduce pollution. He also stated that the machines yielded direct economic benefits to certain purchasers by reducing the size of products, such as steel, plastic, or cardboard, that were to be shipped or recycled. Richard Palumbo, a professional engineer, also testified for Shred Pax. He stated that the shredding machines' primary purpose was to eliminate or reduce pollution because the equipment treats, pretreats or modifies waste, and eliminates, or prevents, or reduces air and water pollution. Additionally, Palumbo testified that the shredding equipment's use would reduce the volume of landfill waste, causing a total reduction in landfills, and would make recycling more effective.

Max Delsoin, the Department's revenue audit supervisor, testified that a tax exemption was not allowed because the shredding machines have an economic benefit rather than a pollution control purpose. Delsoin also stated that Shred Pax did not present any evidence showing that its customers certified that they were purchasing the machines for pollution control purposes, and that if such evidence existed, Shred Pax as the seller would not have been liable for the taxes.

The administrative law judge issued a decision recommending that Shred Pax be granted a tax exemption in that pollution control was the primary purpose of the shredding equipment. The Department's Director, however, rejected the recommended decision and found Shred Pax liable for the taxes. The Director noted that under ROTA all sales of tangible personal property are presumed to be taxable and that the burden is on the taxpayer to prove by a preponderance of the evidence that it is entitled, as a matter of law, to be excused from taxation. According to the Director, Shred Pax failed to prove that pollution control was the primary purpose of the shredding equipment and that the ultimate user intended to use the equipment for pollution

control. Additionally, the Director interpreted section 130.335(a) of 86 Illinois Administrative Code to require the purchaser to certify to the seller that the intended use of the equipment is pollution control in order for the seller to be relieved of the duty of collecting and remitting tax on the sale, and noted that Shred Pax presented no such certification from any customer.

Thereafter, Shred Pax sought judicial review of the Department's decision. The circuit court of Cook County affirmed the Department's decision and entered a final order of judgment in favor of the Department amounting to $70,462.57, including interest and penalties through March 15, 1989. Shred Pax appeals.

▆▆▆ Shred Pax argues that it should be relieved from its duty to collect and remit sales tax under ROTA because its shredding equipment was sold *or* used *or intended* for the primary purpose of pollution control facilities. (Ill. Rev. Stat. 1987, ch. 120, par. 440a.) We agree. Initially, Shred Pax as a seller of personal and tangible property has the duty to collect and remit sales tax until it can prove otherwise. (Ill. Rev. Stat. 1987, ch. 120, par. 444.) One way a taxpayer rebuts the Department's *prima facie* case that tax is due is by producing a certification of the buyer's intended use of the product. (86 Ill. Admin. Code §130.335(a) (1985); *American Welding Supply Co. v. Department of Revenue* (1982), 106 Ill. App. 3d 93, 103, 435 N.E.2d 761.) While the Department's certification procedure is entitled to some deference as an administrative interpretation of the statute, it is not binding on the courts and cannot be deemed to limit or extend the scope of the statute. (*American Welding Supply Co. v. Department of Revenue* (1982), 106 Ill. App. 3d 93, 103, citing *Du-Mont Ventilating Co. v. Department of Revenue* (1978), 73 Ill. 2d 243, 383 N.E.2d 197.) We find that the Director's interpretation of the statute improperly narrows the pollution control exemption therein, and unduly restricts the ability of a seller to rebut the presumption that tax is owed.

▆▆ ▆ Even though Shred Pax did not produce any buyer's certificates establishing the intended use of the shredding equipment, Shred Pax rebutted the presumption by introducing evidence that the shredding equipment's primary purpose was pollution control. In particular, Kaczmarek testified that the shredding equipment reduces bulk waste, the amount of noxious gases, and waste materials. Specifically, systems or methods used or intended for the primary purpose of eliminating, preventing, or reducing air and water pollution are not subject to retailer's occupation taxes since those systems or methods qualify as "pollution control facilities." (See *Du-Mont Ventilating Co. v. Department of Revenue* (1978), 73 Ill. 2d 243, 383 N.E.2d 197.) Ac-

cording to the statute, "[p]ollution control facilities means any system, method, construction, device or appliance appurtenant thereto sold or used or intended for the primary purpose of eliminating, preventing, or reducing air and water pollution *** or for the primary purpose of treating, pretreating, modifying or disposing of any potential solid, liquid or gaseous pollutant which if released without such treatment, pretreatment, modification or disposal might be harmful, detrimental or offensive to human, plant or animal life, or to property." (Ill. Rev. Stat. 1987, ch. 120, par. 440a.) The "primary purpose" test seeks to determine the function and ultimate objective of the equipment alleged to be exempt, and only those facilities directly involved in the pollution abatement process are to be afforded special tax status. (*Central Illinois Public Service Co. v. Department of Revenue* (1987), 158 Ill. App. 3d 763, 767-68, 511 N.E.2d 222; *Illinois Cereal Mills, Inc. v. Department of Revenue* (1976), 37 Ill. App. 3d 379, 381-82, 346 N.E.2d 69, 71.) We find, as a matter of law, that the shredding equipment is a pollution control facility by the shredding equipment's very use, and that any economic benefits that the ultimate user, rather than the seller, derives from the shredding equipment are ancillary benefits to the use of the shredding equipment and not the primary purpose of the shredding equipment. Accordingly, as a matter of law, Shred Pax has established that the shredding equipment was *intended* for the primary purpose of pollution control.

We need not address additional issues raised by Shred Pax since we reject the Director's interpretation of section 1a (Ill. Rev. Stat. 1987, ch. 120, par. 440a) that Shred Pax could only rebut the presumption of tax liability by producing a certification of the buyer's intended use of the product. Accordingly, we reverse the judgment of the circuit court of Cook County.

Reversed.

BUCKLEY, P.J., and MANNING, J., concur.